

FILED _____ LODGED
_____ RECEIVED _____ COPY

APR 1 3 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

CHANCE E. GORDON
515 E. Grant Road #141-277
Tucson, AZ 85705
Tel. (702) 816-0231
Secondking71@gmail.com

Plaintiff In Pro Per

CV17-0169TUC-JR

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA-TUCSON

| | |
|---|---|
| CHANCE E. GORDON, an individual, | CASE NO. |
| Plaintiff, <br> v. | **COMPLAINT FOR:** |
| SCOTIA GROUP MANAGEMENT, LLC, an Arizona Limited Liability Company, NATIONAL CREDIT SYSTEMS, INC, A Georgia Corporation, and DOES 1-10, <br><br> Defendants. | **1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT** <br> **2. VIOLATION OF THE FAIR CREDIT REPORTING ACT** <br> **3. FRAUDULENT INDUCEMENT** |

1.    This is a civil action whereby Plaintiff Chance E. Gordon, (hereinafter "Plaintiff"), seeks damages against Defendants Scotia Group Management LLC, (hereinafter "Defendant Scotia") and Defendant National Credit Systems, Inc., (hereinafter "Defendant National") related to their violations of the Fair Debt Collection Practices Act, (15 U.S.C. §1692 et. seq.) and the Fair Credit Reporting Act, (15 U.S.C. §1681 et. seq.).

## PARTIES

2.      Plaintiff is, and at all times mentioned hereinafter was a resident of the State of Arizona.

3.      Defendant Scotia, is, and all times mentioned hereinafter is and was an Arizona Limited Liability Company with its principal place of business in Tucson, Arizona.  It manages several rental properties in Tucson, Arizona.

4.      Defendant National is, and all times mentioned hereinafter was, a Georgia Corporation.  Defendant National is a collection company, which focuses on collecting bogus debts, which have been contrived by property management companies.

## JURISIDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as the underlying action presents a federal question. The Court has supplemental jurisdiction over the remaining state law claims because they "form part of the same case or controversy". 28 U.S.C. §1367(a).  Due to the interrelationship of Plaintiff's federal and state law claims, this Court should extend supplemental jurisdiction over Plaintiff's state law claims.

6.      Venue is proper as the actionable conduct, which is subject of this complaint took place within the Court's judicial district.

## BACKGROUND

7.      In or around June of 2016, Plaintiff sought to lease an apartment at Rillito Village Apartments, which is located at 3700 N. 1st Ave, Tucson, AZ 85719 (hereinafter "Subject Property").  Defendant Scotia was and is the property management company of the Subject Property.

8.      At the time of entering into the lease agreement, representatives of Defendant Scotia informed Plaintiff that the actual apartment he would be rented was

not ready for inspection and was being cleaned.  Representatives went on to inform Plaintiff that the apartment would be in clean and habitable condition.  Based upon the foregoing, Plaintiff tendered an initial deposit of $370.16 to Defendant Scotia.  Plaintiff also opened an account with Tucson Electric Power (TEP). A few days later, in the last three days of June, Plaintiff took possession of the apartment. Plaintiff's next rent payment was due on August 5, 2016.

9.    The apartment was a disgusting mess and was not habitable.  The garbage disposal did not work, there was no peek hole in the door.  Furthermore, the premises were infested with cockroaches. In addition, it smelt like a corpse was rotting inside the apartment. Finally, Plaintiff's immediate neighbors were openly and actively dealing drugs.

10.    Plaintiff made several requests to the representatives of Defendant Scotia that the issues described above be remedied.  However, these requests fell upon deaf ears. Based upon the above and the foregoing, Plaintiff was left with no other choice than to not proceed with his tenancy.  As a result, he physically returned possession of the apartment back to Defendant Scotia on August 4, 2016.

11.    On August 5, 2016, Defendant Scotia mailed Plaintiff a document entitled "Security Deposit Reconciliation" (Attached as Exhibit "A" is a true and correct copy of this document which is incorporated by reference as if laid out in full). In this document, Defendant Scotia asserts that despite the fact that the condition of the apartment; 1) was falsely represented to Plaintiff at the time the lease was entered into, and, 2) was not habitable, Defendant Scotia nonetheless took the position that Plaintiff owed them a balance.

12.    To add insult to injury, within days of Plaintiff returning possession of the Property to Defendant Scotia, the apartment was re-let to a new unsuspecting tenant. As a result, Defendant Scotia suffered no loss whatsoever.

13.    Nonetheless, in little more than a pure act of extortion, Defendant Scotia retained Defendant National for the purpose of attempting to collect on this wholly invalid debt.

14.    The first action that Defendant National took against Plaintiff was to report this debt on Plaintiff's credit report.  It did so for the purpose of preventing him from being able to rent another apartment.  The scam and strategy behind this was to force Plaintiff to prevent Plaintiff from being able to rent another apartment until such time as he paid this "ransom".

15.    From here, a representative of Defendant National began incessantly contacting Plaintiff.  During the resulting conversations, the representative stated that until such time that Plaintiff paid this ransom, Plaintiff would be unable to rent another apartment.   In addition, a representative of Defendant National began contacting Plaintiff's girlfriend in violation of the Telephone Consumer Protection Act.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692, et. al.
## (AGAINST DEFENDANTS SCOTIA AND NATIONAL)

16.    Plaintiff repeats, realleges, and incorporates the foregoing allegations by reference as though fully set forth herein.

17.    Defendants Scotia and National were negligent or willful or both, rendering them liable for attempting to collect fees, interest, and expenses from Plaintiff that are not authorized by any agreement or permitted by law, in violation of 1692 f (1).

18.    As a result of the foregoing violations, Defendants Scotia and National are liable for actual damages, including general damages and special damages in an amount to be proven at trial, pursuant to 15 U.S.C. 1692(k) a 1 and a 2 a.   In addition, Defendants Scotia and National is liable for costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k) a 3.

19.   As a result of the foregoing violations, and pursuant to the FDCPA, Defendants Scotia and National should be enjoined from employing any of the unlawful conduct, methods, acts or practices described, including reporting this invalid debt on Plaintiff's credit.

20.   Based on the allegations above and further set forth herein, Defendants Scotia and National violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff by, without limitation, continuing to pursue collection of this disputed and unverified debt.

21.   Upon information and belief, Defendants Scotia and National have communicated credit information to persons, including but not limited to credit bureaus or agencies, with respect to Plaintiff which it knew to be false, including without limitation allegations that Plaintiff owed the purported debt which is the subject of this action, and/or that Plaintiff owes said debt to Defendants Scotia and National.   In addition, these defendants have also failed to communicate to the foregoing entities that Plaintiff disputes this debt.   All of the foregoing conduct is in violation of 15 U.S.C. §1692e.

22.   Based upon the foregoing, Plaintiff prays for actual damages under the Fair Debt Collection Practices Act and for statutory damages as set forth above for each and every violation of the Fair Debt Collection Practices Act proven at the trial of this case, and for reasonable costs hereunder.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 et. al.
## (AGAINST DEFENDANTS SCOTIA AND NATIONAL)

23.   Plaintiff repeats, realleges, and incorporates the foregoing allegations by reference as though fully set forth herein.

24.     Defendants Scotia and National and in the course of business, furnishes information to one or more consumer reporting agencies about their transactions or experiences with any consumer.

25.     Defendants Scotia and National did not notify Plaintiff at any time that the balance claimed by them was false and frivolous or that Plaintiff had failed to provide sufficient information to investigate the disputed information. Instead, they merely reported this information to the consumer reporting agencies.

26.     Defendants Scotia and National failed to adequately conduct an investigation with respect to the disputed information, as required by 15 U.S.C. § 1681s-2(b)(1) after Plaintiff's dispute was communicated to both defendants.

27.     Upon information and belief, despite the above, Defendants Scotia and National have communicated credit information to consumer reporting agencies with respect to Plaintiff which it knew to be false, including without limitation allegations that Plaintiff owed the purported debt which is the subject of this action, and/or that Plaintiff owes said debt to Defendants Scotia and National.

28.     Based upon the foregoing, Plaintiff prays for actual damages under the Fair Credit Reporting Act and for statutory damages as set forth above for each and every violation of the Fair Credit Reporting Act proven at the trial of this case, and for reasonable costs hereunder.

**THIRD CAUSE OF ACTION**
**FRAUDULENT INDUCEMENT**
**(AGAINST DEFENDANT SCOTIA ONLY)**

29.     Plaintiff repeats, realleges, and incorporates the foregoing allegations by reference as though fully set forth herein.

30.     Prior to Plaintiff renting an apartment from Defendant Scotia, representatives of Defendant Scotia represented to Plaintiff that the apartment, which

Plaintiff would be leasing from Defendant Scotia, would be in clean and habitable condition.

31.   The above representation was in fact false.  At the time of making this representation, Defendant Scotia knew that this representation was false. In fact, the apartment, which was leased to Plaintiff, was not habitable for the reasons previously discussed above which are incorporated by reference.

32.   Defendant Scotia made the false representations with the express intention of inducing Plaintiff to represent an apartment, which was not habitable. Plaintiff acted on reliance of this false information and rented the apartment.

33.   As a result of this fraudulent representation, Plaintiff has been damaged in that he was forced to tender funds to move into the apartment, open an account with Tucson Electric Power, and now has a bogus collection account on his credit reports, which represents an amount, which Defendant Scotia falsely asserts he owes.

34.   Based upon the foregoing, Plaintiff prays for actual damages according to proof at the time of trial.

34.   Defendant acted with reckless, willful, or callous disregard for Plaintiff's rights and with malice, fraud, or oppression toward Plaintiff, thereby entitling Plaintiff to an award of punitive damages in accordance with proof at trial.

WHEREFORE, Plaintiffs pray for Judgment as follows:

1.   For damages in an amount to be proven at trial pursuant to 15 U.S.C. § 1692(k) a 1;

2.   For damages in an amount to be proven at trial pursuant to 15 U.S.C. § 1692(k) a 2 a;

3.   For actual damages according to proof;

4.   For reasonable costs;

5.   For such other relief as this Court may deem proper and necessary.

1

2   DATED:   April 13, 2017

3

4                                   
                                    By:_____

5                                        CHANCE E. GORDON,

6                                        PLAINTIFF IN PRO PER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28