Charity A. Olson
*Pro hac vice*
OLSON LAW GROUP
2723 S. State St., Ste. 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712
colson@olsonlawpc.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chance E. Gordon, | Case No.: 4:17-cv-00169 |
| Plaintiff, | |
| v. | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** |
| Scotia Group Management LLC, an Arizona Limited Liability Company, National Credit Systems Incorporated, a Georgia Corporation, and Unknown Party name as Does 1-10, | |
| Defendants. | |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant National Credit System Incorporated ("NCS"), submits this Answer to Plaintiff's Complaint and Affirmative Defense. NCS denies each and every allegation in the complaint unless otherwise set forth in this Answer.

1

1. NCS admits that Plaintiff purports to bring an action under the Fair Debt Collection Practices Act and The Fair Credit Reporting Act, but denies that NCS violated the law or is liable to Plaintiff.

**PARTIES**

2. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

3. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

4. NCS admits only that it is a Georgia corporation. NCS denies the remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

5. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

**BACKGROUND**

7. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. NCS admits that a debt owed or alleged to be owed by Plaintiff was referred to NCS for collection. NCS lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

14. NCS denies the allegations in this paragraph.

15. NCS denies the allegations in this paragraph.

**FAIR CAUSE OF ACTION**
**VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692, et. al.**
**(AGAINST DEFENDANTS SCOTIA AND NATIONAL)**

16. NCS reasserts its prior responses as if fully set forth in this paragraph.

17. NCS denies the allegations in this paragraph.

18. NCS denies the allegations in this paragraph.

19. NCS denies the allegations in this paragraph.

20. NCS denies the allegations in this paragraph.

21. NCS denies the allegations in this paragraph.

22. NCS denies the allegations in this paragraph.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681 et. al.
## (AGAINST DEFENDANTS SCOTIA AND NATIONAL)

23. NCS reasserts its prior responses as if fully set forth in this paragraph.

24. NCS admits the allegations in this paragraph.

25. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to deny that NCS engaged in wrongdoing.

26. NCS denies the allegations in this paragraph.

27. NCS denies allegations in this paragraph.

28. NCS denies the allegations in this paragraph.

## THIRD CAUSE OF ACTION
## FRAUDULENT INDUCEMENT
## (AGAINST DEFENDANT SCOTIA ONLY)

29. NCS reasserts its prior responses as if fully set forth in this paragraph.

30. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

31. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

32. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34. NCS lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

WHEREFORE, Defendant NCS requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendant; (b) award Defendant its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

## **AFFIRMATIVE DEFENSES**

1. To the extent Plaintiff lacks Article III standing, this Court lacks subject matter jurisdiction over Plaintiff's claims.

2. To the extent NCS' conduct violated the law, such conduct was not intentional but was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error(s).

3. NCS asserts that it has, at all times, accurately recorded and reported credit information pertaining to the Plaintiff and, to the extent it has been notified of any dispute by a CRA relative to the Plaintiff, has reasonably investigated such dispute(s) consistent with its obligations under the FCRA.

4. To the extent NCS violated the law – which it denies – such violation(s) were neither intentional, nor willful.

5. Plaintiff's claims are barred, in whole or part, to the extent Plaintiff's damages, if any, were caused by the acts and/or omissions of persons or entities over whom NCS had no control or authority.

6. Plaintiff's claims are barred, in whole or part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions.

7. Plaintiff's claims for damages may be barred, in whole or in part, by Plaintiff's failure to mitigate.

8. Plaintiff has not suffered any damage(s) caused by or attributable to NCS' actions.

9. Plaintiff's claims may be barred, in whole or in part, by consent, waiver, estoppel, laches or unclean hands.

Dated: June 15, 2017         OLSON LAW GROUP

/s/ Charity A. Olson
Charity A. Olson

*Attorneys for Defendant*
*National Credit Systems Incorporated*

**CERTIFICATE OF SERVICE**

I, Charity A. Olson, hereby state that on June 15, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/ Charity A. Olson
Charity A. Olson