**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Chance Gordon,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Scotia Group Management, LLC, an Arizona limited liability company; National Credit Systems, a Georgia corporation; et al.,<br><br>　　　　Defendants. | CV 17-0169-TUC-JR<br><br>**ORDER** |

Pending before the Court is a Motion to Dismiss (Doc. 9) filed by Defendant Scotia Group Management, LLC ("Defendant Scotia"). For the reasons explained below, the Motion is granted in part and denied in part and Plaintiff shall have until July 21, 2017 to properly serve Defendant Scotia.

**I.　Background**

This is a case brought under the Fair Debt Collections Practices Act, 15 U.S.C. §§ 1692 and the Fair Credit Reporting Act, 15 U.S.C. §§ 1681. The Complaint (Doc. 1) alleges that the apartment he leased from Defendant Scotia "was a disgusting mess and was not habitable." Plaintiff alleges that despite his requests, Defendant Scotia did not remedy the condition and he "was left with no other choice than to not proceed with his tenancy." He further alleges that Defendant Scotia

1

thereafter improperly sought payment under the lease and retained Defendant National Credit Systems, Inc. to assist in its efforts.

On May 31, 2017, Plaintiff filed a Proof of Service (Doc. 7) reflecting that Jorge Martinez served the summons on "Rob Arnoff," "who is designated by law to accept service of process on behalf of Scotia Group Management, LLC #170, Tucson, Arizona, 85718 on May 18, 2017." The Proof of Service is signed by Jorge Martinez under the penalty of perjury.

On June 7, 2017, Defendant Scotia filed the instant Motion to Dismiss alleging that the summons and complaint were not served on "Rob Arnoff," but upon Stacy Tolbert, an individual who bears no capacity or authorization to accept service for or on behalf of Defendant Scotia. Thus, Defendant Scotia contends that the service did not comply with the requirements of Federal Rule of Civil Procedure 4(e) and 4(h) and it is therefore entitled to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(5).

In his Opposition (Doc. 12), Plaintiff asserts that the summons and complaint were "delivered to a general agent of Defendant." In support of his contention, Plaintiff attaches the Declaration of Jorge Martinez, in which Martinez states that, on May 18, 2017, he gave the summons and complaint to "a female receptionist," who then gave the documents to "another woman." Mr. Martinez reports that:

> A gentleman from the back of the suite came to the front. The woman in possession of the summons and complaint then handed these documents to him. Upon receipt of the documents, he began yelling. Based upon the fact that this man was clearly in charge, I came to the conclusion that he was an agent of Scotia Group Management and thus could legally accept service on its behalf.

In its Reply (Doc. 14), Defendant Scotia points out that Martinez's statements in the Declaration are inconsistent with those in the Proof of Service. Defendant Scotia also vehemently denies that Rob Aronoff, whose misspelled name was

recorded in the Proof of Service, was in the office at that time and that he was ever notified of or received the summons and complaint.

**II.     Discussion**

Pursuant to the Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss the action where the plaintiff has failed to effect proper service of process in compliance with the requirements set forth under Federal Rule of Civil Procedure 4 for serving a defendant. Fed.R.Civ.P. 12(b)(5). Service of process on corporations and partnerships is governed by Federal Rule of Civil Procedure 4(h), and requires that unless federal law provides otherwise or the defendant's waiver has been filed, a corporation must be served "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment of by law to receive service of process." Fed.R.Civ.P. 4(h).

Plaintiff bears the burden of establishing the validity of service of process when a defendant makes a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5). *See Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). Because the Plaintiff has submitted inconsistent statements from Mr. Martinez, and because Defendant Scotia has offered a credible description of the events that transpired on May 18, 2017 at its offices, the Court finds that Plaintiff has not established proper service of process under Rule 4(h). When the Court determines that the plaintiff has not properly served the defendant in accordance with Federal Rule of Civil Procedure 4, the Court has discretion to either dismiss the action for failure to effect proper service, or instead retain the action and quash the ineffective service that has been made on the defendant and provide the plaintiff with the opportunity to properly serve the defendant. *See Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir.1998) ("[D]ismissal [is not] invariably required where service is ineffective: under such circumstances, the [district] court has discretion to either

3

dismiss the action, or quash service but retain the case"); *United Food & Commercial Workers Union, Locals 197 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984) (noting that technical defects in service of process do not justify dismissal unless actual prejudice is shown). Here, the Court finds it appropriate to quash service and allow the Plaintiff an opportunity to properly serve Defendant Scotia.

### III. Order

**IT IS ORDERED** that Defendant Scotia's Motion to Dismiss is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that service on Defendant Scotia is **quashed**.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **July 21, 2017** to properly serve Defendant Scotia.

Dated this 30th day of June, 2017.

_____
Honorable Jacqueline M. Rateau
United States Magistrate Judge