Charity A. Olson
*Pro hac vice*
OLSON LAW GROUP
2723 S. State St., Ste. 150
Ann Arbor, MI 48104
Tel: (734) 222-5179
Fax: (866) 941-8712
colson@olsonlawpc.com
Attorney for Defendant

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Chance E. Gordon,<br><br>Plaintiff,<br><br>v.<br><br>Scotia Group Management LLC, an Arizona Limited Liability Company, National Credit Systems Incorporated, a Georgia Corporation, and Unknown Party name as Does 1-10,<br><br>Defendants. | Case No.: 4:17-cv-00169<br><br>**SCOTIA GROUP MANAGEMENT LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant Scotia Group Management LLC ("Scotia") submits this Answer to Plaintiff's Complaint and Affirmative Defense. Scotia denies each and every allegation in the complaint unless otherwise set forth in this Answer.

1. Scotia admits that Plaintiff purports to bring an action under the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) and the Fair Credit Reporting Act

1

(15 U.S.C. §1692 et seq.) but denies that Scotia violated the law in any fashion or is liable to Plaintiff in any amount.

**PARTIES**

2. Scotia lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and leaves Plaintiff to his proofs.

3. Scotia admits the allegations in this paragraph.

4. Scotia denies that the debt owed by Plaintiff to Scotia is "bogus" or "contrived". Scotia denies lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and leaves Plaintiff to his proofs.

**JURISDICTION AND VENUE**

5. Scotia lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, which constitute conclusions of law, and leaves Plaintiff to his proofs.

6. Scotia lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, which constitute conclusions of law, and leaves Plaintiff to his proofs.

**BACKGROUND**

7. Scotia admits the allegations in this paragraph.

8. Scotia admits that Plaintiff entered into a lease agreement on June 24, 2016 and paid Scotia an amount of $370.16 comprised of rental and security deposit

amounts. Scotia also admits that the premises were delivered to Plaintiff in fit and habitable condition in accordance with the lease agreement and A.R.S. § 33-1324. Scotia denies the remaining allegations in this paragraph.

9. Scotia denies the allegations in this paragraph.

10. Scotia denies the allegations in this paragraph. Answering further, Scotia promptly remedied any maintenance issues once they were brought to the attention of Scotia, none of which rendered the apartment uninhabitable.

11. Scotia admits that Exhibit A is a true and correct copy of the "Security Deposit Reconciliation" which was provided to Plaintiff. Scotia further admits that Plaintiff owes Scotia a balance. Scotia denies the remaining allegations in this paragraph.

12. Scotia denies the allegations in this paragraph.

13. Scotia denies the allegations in this paragraph.

14. Scotia denies the allegations in this paragraph.

15. Scotia denies the allegations in this paragraph.

**FAIR CAUSE OF ACTION**
**VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692, et. al.**
**(AGAINST DEFENDANTS SCOTIA AND NATIONAL)**

16. Scotia reasserts its prior responses as if fully set forth in this paragraph.

17. Scotia denies the allegations in this paragraph.

18. Scotia denies the allegations in this paragraph.

3

19. Scotia denies the allegations in this paragraph.

20. Scotia denies the allegations in this paragraph.

21. Scotia denies the allegations in this paragraph.

22. Scotia denies the allegations in this paragraph.

**SECOND CAUSE OF ACTION**
**VIOLATION OF THE FEDERAL FAIR CREDIT REPORTING ACT (FCRA),**
**15 U.S.C. §1681 et. al.**
**(AGAINST DEFENDANTS SCOTIA AND NATIONAL)**

23. Scotia reasserts its prior responses as if fully set forth in this paragraph.

24. Scotia denies that it is a data "furnisher" as that term is used in the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq*. Scotia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and leaves Plaintiff to his proofs.

25. Scotia lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph except to deny that Scotia engaged in wrongdoing.

26. Scotia denies the allegations in this paragraph.

27. Scotia denies allegations in this paragraph.

28. Scotia denies the allegations in this paragraph.

**THIRD CAUSE OF ACTION**
**FRAUDULENT INDUCEMENT**
**(AGAINST DEFENDANT SCOTIA ONLY)**

29. Scotia reasserts its prior responses as if fully set forth in this paragraph.

30. Scotia admits, only, that the premises were delivered to Plaintiff in fit and habitable condition in accordance with the lease agreement and A.R.S. § 33-1324. Scotia lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph except to deny that Scotia engaged in wrongdoing.

31. Scotia denies the allegations in this paragraph.

32. Scotia denies the allegations in this paragraph.

33. Scotia denies the allegations in this paragraph.

34. Scotia denies the allegations in this paragraph.

WHEREFORE, Defendant Scotia Group Management LLC requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Scotia; (b) award Scotia its fees and costs incurred in this matter; and (c) grant such other and further relief as is just and proper.

### FIRST AFFIRMATIVE DEFENSE

35. Plaintiff fails to state a claim upon which relief can be granted against Scotia.

### SECOND AFFIRMATIVE DEFENSE

36. Scotia is not a "debt collector" as defined in the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6) and, therefore, Plaintiff's First Cause of Action under the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) is barred as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

37. Scotia is not a "furnisher" of information under the Fair Credit Reporting Act and, therefore, Plaintiff's Second Cause of Action under the Fair Credit Reporting Act (15 U.S.C. §1681 et seq.) is barred as a matter of law.

## FOURTH AFFIRMATIVE DEFENSE

38. Scotia acted at all times in accordance with the provisions of A.R.S. § 33-1301 et. seq.

## FIFTH AFFIRMATIVE DEFENSE

39. Plaintiff's claims are barred because the acts or omissions of which Plaintiff complains have been approved or mandated, implicitly or expressly, by the operative lease agreement, applicable statutes and regulations.

## SIXTH AFFIRMATIVE DEFENSE

40. Plaintiff is barred from obtaining the relief sought in the Complaint by the doctrines of estoppel, waiver, unclean hands, laches, or other equitable doctrines.

## SEVENTH AFFIRMATIVE DEFENSE

41. Plaintiff's claims are barred in whole or in part because Plaintiff has failed to mitigate his alleged damages, if any.

## EIGHTH AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred in whole or in part because Plaintiff consented to, ratified, or acquiesced in all of the alleged acts or omissions alleged.

## NINTH AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred because any alleged acts or omissions of Scotia giving rise to Plaintiff's claims, if any, were the result of an innocent mistake and/or bona fide

error notwithstanding reasonable procedures implemented by Scotia to avoid any such acts or omissions.

### TENTH AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred because Scotia at all times complied in good faith with all applicable statutes and regulations.

### ELEVENTH AFFIRMATIVE DEFENSE

45. Defendant specifically denies that it acted with any willfulness, oppression, fraud or malice towards Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

46. If Plaintiff suffered or sustained any loss, injury, damage or detriment, it was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, or intentional misconduct of others, and not by Scotia.

Dated: August 1, 2017            OLSON LAW GROUP

/s/ Charity A. Olson
Charity A. Olson

*Attorneys for Defendant*
*Scotia Group Management LLC and*
*National Credit Systems Incorporated*

## CERTIFICATE OF SERVICE

I, Charity A. Olson, hereby state that on August 1, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

/s/ Charity A. Olson
Charity A. Olson